# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANDREW WALLACE JR., SHERRY WALLACE, and ANTONIO WALLACE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.   14-cv-1457 |
| v. | ) ) | |
| CITY OF WASHINGTON, GARY M. MARINER, BOARD OF POLICE COMMISSIONERS, DON VOLK, JEFF STEVENSON, UNKNOWN SWORN OFFICERS, and GRANITE BROADCASTING CORP., D/B/A WEEK-TV, AKA, CHANNEL 25, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion for Default with Respect to Defendant Granite Broadcasting Corporation. (Doc. 20). Defendant Granite Broadcasting Corporation has responded (Doc. 23), and the motion is ready for decision.[1] For the reasons explained below, Plaintiffs' motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY

On November 5, 2014, Plaintiffs Andrew Wallace, Jr., Sherry Wallace, and Antonio Giles filed a two-count Complaint against the City of Washington, Gary M. Mariner, Don Volk, Jeff Stevens, and Unknown Officers of the Washington Police Department in the Circuit Court of Tazewell County, Illinois. (Doc. 1-1 at 1). The Complaint alleged that the Defendants falsely imprisoned them and intentionally

---

[1] Since responding to the pending Motion for Default, Granite Broadcasting has also filed an Answer to Plaintiffs' First Amended Complaint. (Doc. 24).

inflicted emotional distress. (*See id.* at 1, 4). Those Defendants named in the original Complaint removed the case to this Court on December 2, 2014, (Doc. 1), and shortly thereafter filed a motion to dismiss. (Doc. 4). Plaintiffs responded by moving for leave to amend their complaint on December 31. (Doc. 7).

By text order, Magistrate Judge Schanzle-Haskins allowed Plaintiffs' motion for leave to amend on January 12, 2015. (Dkt. at Text Order of Jan. 12, 2015). In that same text order, Judge Schanzle-Haskins noted that Plaintiffs could amend their complaint "once as a matter of course within 21 days of the filing of a motion to dismiss," pursuant to Rule 15(a)(1)(B), and directed Plaintiffs to file an amended Complaint by January 16, 2015. (*Id.*).

Plaintiffs failed to file an amended complaint by the date set by Judge Schanzle-Haskins, and on January 18, 2015 sought leave of court to "Late File" their First Amended Complaint. (Doc. 14). Plaintiffs filed their First Amended Complaint on the same day. (Doc. 15). The First Amended Complaint added Granite Broadcasting as a Defendant. (*See id.* at ¶ 10).

Judge Schanzle-Haskins granted Plaintiffs' request on January 22, 2015. (*See* Dkt. at Text Order of Jan. 22, 2015). However, before Judge Schanzle-Haskins granted Plaintiffs leave to file their First Amended Complaint, Plaintiffs requested that the Clerk's Office issue a summons for Granite Broadcasting, which it did on January 20, 2015. (Doc. 16). Plaintiff served its First Amended Complaint on Granite Broadcasting on either January 20 or January 22, 2015 and filed the pending motion on February 17, 2015. (Doc. 20). Granite Broadcasting responded to Plaintiffs' motion on February 18, 2015. (Doc. 23). On February 20, 2015, while the

Court was considering this pending motion, Granite Broadcasting filed an Answer. (Doc. 24).

<small>DISCUSSION</small>

Although this motion is titled "Motion for Default," the Court acknowledges that Plaintiffs also request an entry of judgment against Granite Broadcasting Corporation for an undetermined amount pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 20 at 4). This request for relief overlooks the distinction between default and default judgment. As the Seventh Circuit has made clear, "[t]here are two stages in a default proceeding: the establishment of the default, and the actual entry of default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "Prior to obtaining a default judgment under . . . Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2682 (3d ed.). In this case, Plaintiffs have not previously moved for a default, so it is premature to consider whether Plaintiffs are entitled to a default judgment. Instead, the Court will consider whether Plaintiffs are entitled to an entry of default.

Rule 55(a) instructs that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In this case, Plaintiffs allege that they served Granite Broadcasting with a summons and First Amended Complaint on January 20, 2015. (Doc. 20 at ¶ 2).[2] Assuming that Plaintiffs properly served Granite Broadcasting on that date, Granite Broadcasting's response would have been due no later than Friday, February 13. When Granite Broadcasting did not file an answer or otherwise defend itself against Plaintiffs' claims, Plaintiffs filed this pending motion.

Granite Broadcasting argues that default should not be entered against it because it had no obligation to plead or otherwise defend itself against Plaintiffs' claims. (*See* Doc. 23 at 2). In support of this position, Granite Broadcasting makes two major arguments. First, it argues that Plaintiffs' summons was not valid because it was issued before the amended complaint was filed. (*Id.* at ¶ 6). Second, it argues that Plaintiffs' service was invalid because Plaintiffs did not serve a complete copy of the First Amended Complaint with the invalid summons. (*Id.*). Both arguments are sufficient to defeat Plaintiffs' Motion for Default.

Federal district courts do not have personal jurisdiction over defendants unless plaintiffs have properly served them with process. *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). Rule 4 dictates the manner in which plaintiffs must effectuate service. In order for service to be proper, "[a] summons must be

---

[2] The parties dispute whether Plaintiffs served Granite Broadcasting on January 20. Plaintiffs state in their motion that they did, although they failed to file a return of service or any other supporting documentation in support of their motion. Meanwhile, Granite Broadcasting asserts that Plaintiffs did not serve it until January 22. (Doc. 23 at ¶ 4). In support, Granite Broadcasting attached a notice generated by its registered agent. (Doc. 23-1 at 1). This is consistent with the summons that Plaintiffs provided to the Court for issuance which, for some reason, included a nearly-complete return of service indicating that Plaintiffs' attorney served (or, at least, would serve) the First Amended Complaint on Granite Broadcasting's registered agent on January 22. (*See* Doc. 16 at 2).

4

served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). In this case, Plaintiffs did not serve Granite Broadcasting with a valid summons or a complete copy of the First Amended Complaint. For this reason, service was not proper. *See id.*

Plaintiffs' summons is not valid because it was issued before their First Amended Complaint was filed with the Court. A valid summons is issued when a plaintiff, "*on or after* filing the complaint," presents "a summons to the clerk for signature and seal." Fed. R. Civ. P. 4(b) (emphasis added). In this case, Plaintiffs' First Amended Complaint, naming Granite Broadcasting as a defendant for the first time, was filed with the Court on January 22, 2015. (*See* Dkt. at Text Order of Jan. 22, 2015 (ordering that "[t]he First Amended Complaint [15] is now filed.")). Yet, Plaintiffs sought a summons for Granite Broadcasting on January 20, 2015. (Doc. 16). Because the summons was issued before Plaintiffs' First Amended Complaint was filed, rather than on or after Plaintiffs' First Amended Complaint was filed, the summons does not comply with Rule 4. *See* Fed. R. Civ. P. 4(b).

Even if Plaintiffs' summons was valid, Plaintiffs failed to comply with Rule 4 because they did not serve on Granite Broadcasting a complete copy of the First Amended Complaint. Plaintiffs apparently failed to include any of the exhibits to the First Amended Complaint in the copy that they served on Granite Broadcasting.[3] (*See* Doc. 23-1). Plaintiffs' First Amended Complaint makes reference to a number of exhibits, two of which are attached to it. Plaintiffs reference the City of Washington's 2013 Tornado Special Recycler's Permits at

---

[3] The Court notes that Plaintiffs seem to routinely fail to attach exhibits. For example, Plaintiffs purported to attach two exhibits to this motion. (*See* Doc. 20 at 3-4). Yet none were filed.

paragraph 19 of their First Amended Complaint. (*See* Doc. 15 at ¶ 19). These permits are attached as Exhibit A. (*See id.*; Doc. 15-1 at 1-2). At paragraph 20 of the First Amended Complaint, Plaintiffs allege that, "[t]he Permit specified certain rules for collecting recyclables that allowed salvager to collect only items found on the public right of way." (Doc. 15 at ¶ 20). Plaintiffs' attached Exhibit B is titled "Rules for Collecting Recyclables" and includes five written rules. (*See* Doc. 15-1 at 3-4).[4]

The two exhibits that Plaintiffs managed to attach to the First Amended Complaint are part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). In the Seventh Circuit, courts have considered a variety of exhibits, including program guidelines, to be part of complaints. *See, e.g., Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005)(considering automaker's guidelines for an "affinity group program," which were attached to the complaint as an exhibit, to be part of the complaint); *Averhart v. City of Chicago*, 114 F. App'x 246, 248 (7th Cir. 2004)(considering attached state court transcripts as part of pleading); *Holtzman v. Turza*, No. 08 C 2014, 2008 WL 2510182, at *1 (N.D. Ill. June 19, 2008)(considering facsimile attached to complaint to be part of the complaint). Here, where Plaintiffs attached as exhibits copies of the City of Washington's 2013 Tornado Recyclers' Permits and the rules governing the program, and further incorporated the documents into the complaint by reference, those documents are

---

[4] Although paragraph 27 of the First Amended Complaint references an Exhibit C, (*see* Doc. 15 at ¶27), Plaintiffs did not file an Exhibit C with the First Amended Complaint. (*See* Doc. 15-1).

properly considered part of the First Amended Complaint. *See* Fed. R. Civ. P. 10(c); *Moranski*, 433 F.3d at 539.

When a plaintiff fails to serve a complaint along with a summons, service is improper. *See Garza v. Formosa Plastics Corp.*, No. Civ. A. V-10-54, 2011 WL 121562, at *2 (S.D. Tex. Jan. 11, 2011). This is true even when a defendant is served with something resembling the complaint. For example, in *Ostler v. Utah*, the Tenth Circuit held that a *pro se* litigant failed to effectuate proper service when he served "the individual defendants with an abbreviated amended complaint or the unfiled second amended complaint," rather than the proper operative complaint. *See* 105 F. App'x 232, 234 (10th Cir. 2004). In this case, Plaintiffs served Granite Broadcasting with an incomplete copy of the First Amended Complaint because they omitted key exhibits. *Cf id.* Therefore, Plaintiffs did not comply with the requirements of Rule 4, and service is insufficient on this ground. *See* Fed. R. Civ. P. 4(c)(1).

Plaintiffs are not entitled to a default judgment here because they improperly served Defendant. "The party moving for entry of default has the burden of showing that service of process was properly effected . . ." *Geraci v. Everhart*, 09-C-433, 2009 WL 3446193, at *2 (E.D. Wisc. Oct. 23, 2009). "If the moving party is unable to show proper service or that proper service was waived, the party should not be granted entry of default." *Id.* More fundamentally, Plaintiffs' failure to properly serve Granite Broadcasting deprived the Court of personal jurisdiction over Granite

Broadcasting at the time that Plaintiffs moved for entry of default. *See Ligas*, 549 F.3d at 500.[5]

## CONCLUSION

The fact that Plaintiffs failed to properly serve Granite Broadcasting with their First Amended Complaint precludes the Court from granting default. Therefore, Plaintiffs' Motion for Default with Respect to Defendant Granite Broadcasting Corporation (Doc. 20) is DENIED.

Entered this 23d day of February, 2015.

_____
s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[5] During the Court's consideration of the motion for default, Granite Broadcasting filed an Answer that did not challenge the issue of personal jurisdiction or sufficiency of process. This gratuitous bestowment of personal jurisdiction cannot serve to legitimize Plaintiff's unwarranted request for an order of default. This result is in keeping with the juristic preference to decide cases on the merits rather than through default. *See Hardwick v. Sunbelt Rentals, Inc.*, 09-cv-1106, 2009 WL 1329117, at *2 (C.D. Ill. May 9, 2009) (explaining that entry of default is "a judicial tool . . . within a district court's discretion" that should be used "only in extreme situations . . . [as] a weapon of last resort.") (citations omitted) (internal quotations omitted).