IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS PEORIA DIVISION

| | | |
|---|---|---|
| ANDREW WALLACE, JR., SHERRY WALLACE, and ANTONIO GILES, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14-cv-1457 |
| CITY OF WASHINGTON, ILLINOIS, an Illinois municipal corporation, GARY M. MARINER, as an individual and Mayor of the City of Washington, BOARD OF POLICE COMMISSIONERS, an Official Board of the City of Washington, DON VOLK, as an individual and as Chief of Police for the City of Washington Police Department, JEFF STEVENSON, as an individual and as a Commander for the City of Washington Police Department, UNKNOW SWORN OFFICERS, City of Washington Police Department, and GRANITE BROADCASTING CORP., d/b/a WEEK-TV, aka CHANNEL 35, a registered Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on

Defendants' Motion to Strike (d/e 17) and Plaintiffs Motion to Strike Defendant Granite

Broadcasting Corporation Third Affirmative Defense (d/e 27) (Plaintiffs' Motion to Strike). For the reasons set forth below, this Court recommends that Defendants' Motion to Strike should be ALLOWED in part and DENIED in part, and Plaintiffs' Motion to Strike should be DENIED.

BACKGROUND

Plaintiffs Andrew Wallace, Jr., Sherry Wallace, and Antonio Giles allege that they had a permit from Defendant City of Washington, Illinois (City), to conduct salvage and recycling operations in the City after the City was hit by a tornado on November 17, 2013. Plaintiffs allege that on or about December 10, 2013, a cameraman employed by Defendant Granite Broadcasting Corporation (Granite) video recorded the Plaintiffs conducting salvage operations in the City. The Plaintiffs allege that the cameraman reported the Plaintiffs to the City Police Department as individuals engaged in looting. Plaintiffs allege unknown officers of the City's Police Department wrongfully arrested Plaintiffs without probable cause for looting. The arresting officers also did not have a warrant to arrest the Plaintiffs. The Plaintiffs allege that they were wrongfully detained for 72 hours. See Plaintiffs First Amended Complaint (d/e 15) (Amended Complaint), ¶¶ 13-47.

The Plaintiffs allege that Granite broadcasted the video recording of the Plaintiffs' salvage operations and subsequent arrest. The Plaintiffs allege that Granite falsely reported in December 2013 that the Plaintiffs were engaged in looting. The Plaintiffs

allege that Defendant Jeff Stevenson, a Commander in the City's Police Department, stated in the television news reports that the Plaintiffs were arrested for looting without disclosing that the Plaintiffs had a valid permit from the City.  The Plaintiffs allege that they have never been indicted or charged by information with any crime as a result of this incident.  Amended Complaint, ¶¶ 45-50, 73-80.

Based on these allegations, the Plaintiffs brought an action in Tazewell County, Illinois, Circuit Court (State Court) on November 5, 2014.  The original Complaint named the City, City Mayor Gary M. Mariner, City Police Chief Don Volk, and Commander Stevenson as Defendants (collectively the City Defendants).  Notice of Removal (d/e 1), Exhibit A, Complaint at Law (Complaint).  The Complaint alleged claims for false arrest and detention without probable cause and negligent infliction of emotional distress.  Complaint, Counts I and II.

On December 2, 2014, City Defendants removed this action to this Court based on federal question removal jurisdiction.  Notice of Removal, ¶ 4; 28 U.S.C. §§ 1331, 1367, and1441.   The Notice of Removal stated that the false arrest without probable cause claim stated a claim under federal law, 42 U.S.C. § 1983.  Notice of Removal, ¶ 4.  On December 2, 2014, the City Defendants mailed the Plaintiffs written notice of the Notice of Removal and filed a copy of the Notice of Removal with the Clerk of the State Court.  Defendants' Notice of Filing Notice of Removal (d/e 2).  The Plaintiffs received notice of the removal by December 4, 2014.   See Plaintiffs' Motion to Strike,

Exhibit B, <u>Plaintiffs' Motion to File Amended Complaint with Additional Defendant and Claims Relevant to the Issue at Bar as Outline in the Complaint (State Court Motion to Amend)</u>, ¶¶ 1-2.  Once these procedural steps were accomplished, the removal was effected and the State Court could not proceed with the case.  28 U.S.C. § 1446(d).

The Plaintiffs, however, continued to file documents in the State Court.  On December 4, 2014, Plaintiffs moved in State Court to voluntarily dismiss this case.  The State Court purported to allow the request on December 11, 2014.  On December 15, 2014, Plaintiffs moved in State Court to vacate their request for voluntary dismissal and moved to amend the Complaint to join Granite as an additional defendant and to add defamation claims against the City Defendants and Granite.  <u>Plaintiffs' Motion to Strike</u>, Exhibit B, <u>Plaintiff's Motion to Vacate Voluntary Dismissal Pursuant to 735 ILCS 5/2-1301</u> and <u>State Court Motion to Amend</u>.

On December 17, 2014, the Defendants filed a Motion to Dismiss (d/e 4).  On December 31, 2014, the Plaintiffs responded and requested leave to file an amended complaint.  <u>Plaintiff's Response to Defendants' Motion to Dismiss for Failure to State Cause of Action (d/e 6)</u>; <u>Plaintiff's Motion for Leave to File First Amended Complaint (d/e 7) (Federal Motion to Amend)</u>.  The Federal Motion to Amend did not disclose either the new parties to be joined or the new claims to be added.  This Court granted the Federal Motion to Amend.  <u>Text Order entered January 12, 2015</u>.  The Plaintiffs filed the Amended Complaint on January 18, 2015.

The Amended Complaint added Granite and the City Board of Police Commissioners as Defendants and added the following claims: a claim against all Defendants for defamation (Count II); a claim against the City Defendants and the City Board of Police Commissioners for failure to properly train employees (Count IV); a claim against the City for breach of contract (Count V); and a claim against all Defendants for conspiracy in violation of 42 U.S.C. §§ 1983, 1985 and 1986 (Count VI). <u>Amended Complaint</u>, Counts II, IV, V, and VI. The Amended Complaint alleged that Defendants Mariner, Volk, and Stevenson (Individual Defendants) were being sued in their official and individual capacities. <u>Amended Complaint</u>, ¶ 11. The Plaintiffs included a prayer for punitive damages in the Count I § 1983 false arrest claim, and in the Count II defamation claim. <u>Amended Complaint</u>, at 10 and 12.[1]

Granite answered the Amended Complaint on February 20, 2015. Granite alleged as an affirmative defense the Illinois one-year statute of limitations on defamation claims. <u>Defendant Granite Broadcasting Corporation's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint (d/e 24)</u>, Third Affirmative Defense; <u>see</u> 735 ILCS 5/13-201.

The City Defendants now move to strike the official capacity claims against the Individual Defendants and the prayers for punitive damages claims against them in

---

[1] The Plaintiffs have not yet filed proof of service on the City Board of Police Commissioners.

Counts I (§1983 False Arrest and False Imprisonment) and II (Defamation). <u>Defendants' Motion to Strike</u>, at 1. The Plaintiffs move to strike Granite's Third Affirmative Defense of the statute of limitations. <u>Plaintiffs' Motion to Strike</u>, at 1.

The Court addresses the Motions separately.

I. <u>Defendants' Motion to Strike</u>

A party may move to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they are often used only to delay proceedings. <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989). The Court, therefore, should carefully consider any request to strike.

The City Defendants first ask to strike all claims brought against the Individual Defendants in their official capacities. The City Defendants argue that the official capacity claims are redundant of the claims brought directly against the City. The City Defendants are correct. Official capacity claims against individuals are really claims against the entity for which the individuals are employed. <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985). The City is also named as a Defendant in every claim brought against the Individual Defendants. The official capacity claims are redundant. The Court recommends that the official capacity claims against the Individual Defendants be stricken.

Striking the official capacity claims, however, will not strike any claim against the City and will not strike any claim against the Individual Defendants in their individual capacities. The Plaintiffs brought all claims against the Individual Defendants in their individual capacities. Thus, all claims against all of the City Defendants will proceed even though the official capacity claims against the Individuals are properly stricken as redundant.[2]

The City Defendants also seek to strike the prayers for punitive damages against them as alleged in Counts I and II. The punitive damages claims against the City should be stricken. The Plaintiffs cannot recover punitive damages against the City in Count I under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Illinois law also bars punitive damage claims against the City in the defamation claim in Count II, which is based on Illinois law. 745 ILCS 10/2-102. The prayers for punitive damages against the City in Counts I and II should be stricken.

Punitive damages are available under § 1983 against the Individual Defendants because they are being sued in their individual capacities. Kentucky v. Graham, 473 U.S. at 167 n. 13. The prayer for punitive damages against the Individual Defendants in the § 1983 claim in Count I should not be stricken.

The Count II defamation claim against the Individual Defendants is also governed by Illinois law. The punitive damage prayer in Count II against Defendant Mariner is

---

[2] The Plaintiffs ask for leave to replead the claims against the Individual Defendants in their individual capacities. Repleading is unnecessary because the Amended Complaint pleaded all claims in both their official and individual capacities. Amended Complaint, ¶ 11.

barred by Illinois law. Illinois provides public officials with immunity from punitive damages for actions taken "while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity." 745 ILCS 10/2-102. The Plaintiffs allege that Mariner was the City's Mayor. The Amended Complaint alleges claims against Mariner for actions taken in his position as Mayor. The punitive damages prayer against Mariner in Count II is barred by § 10/2-102. This prayer should be stricken with respect to Mariner.

The District Courts have disagreed on whether § 10/2-102, which provides immunity from punitive damages to Mayor Mariner, also provides immunity from punitive damages to all municipal employees or only to a narrower group of "public officials." Section 10/2-102 uses the term "public officials;" the section provides immunity from punitive damages to "public officials." Section 10/2-102 is part of the Illinois Local Governmental and Governmental Employees Tort Immunity Act 745 ILCS 10/1-101 through 10/10-101. (Tort Immunity Act). Other provisions of the Tort Immunity Act provide "public employees" with immunity from liability in certain circumstances. See e.g., 745 ILCS 10/2-201. The Tort Immunity Act does not define the term "public official" and does not otherwise state whether the term "public official" includes all "public employees." Some District Courts have held that § 10/2-102 provides immunity from punitive damages to all municipal employees, while others have limited the immunity to a more limited set of "public officials." Compare Gay v.

City of East Moline, Illinois, 2013 WL 5366101, at *2-*4 (C.D. Ill. September 25, 2013) (immunity from punitive damages limited to elected and appointed officials with supervisory authority); with Reese v. May, 955 F.Supp. 869, 875 (N.D. Ill. 1996) (immunity from punitive damages extended to all municipal employees). The Illinois Supreme Court has not addressed the issue.

After careful consideration, this Court is persuaded by the analysis in the Gay decision. The opinion in Gay convincingly establishes that the Illinois Supreme Court would not extend the immunity from punitive damages under § 10/2-102 to all municipal employees. Because § 10/2-102 does not extend immunity from punitive damages to all municipal employees, the Plaintiffs may pursue punitive damages against Defendants Volk and Stevenson.

The Court recognizes that a Police Chief such as Defendant Volk may be within the narrower set of "public officials" protected by § 10/2-102 from punitive damages claims. The issue raises legal questions on the scope of the term "public official" in § 10/2-102, and factual questions concerning the nature of Volk's position of Police Chief. Given that motions to strike are disfavored, the Court believes that the question of whether Volk is a "public official" immune from punitive damages should not be decided on a motion to strike at the pleading stage. The parties should have the opportunity to develop a more complete record before the Court decides this issue.

The prayer for punitive damages in Count II for defamation, therefore, should not be stricken as to Defendants Volk and Stevenson.

II. Plaintiffs' Motion to Strike

The Plaintiffs move to strike Granite's statute of limitations affirmative defense. This Court may strike an insufficient defense from a pleading. Fed. R. Civ. P. 12(f); see Jackson v. Methodist Medical Center of Illinois, 207 WL 128001, at *1 (C.D. Ill. January 11, 2007). Motions to strike, again however, are generally disfavored because they are often used only to delay proceedings. Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). "The Court is particularly reluctant to strike affirmative defenses because the assertion of an affirmative defense does not prejudice the plaintiff. A plaintiff is not required to file a responsive pleading and is deemed to have denied all allegations in any affirmative defense. Fed. R. Civ. P. 7(a) and 8(b)(6)." Fralick v. County of Dewitt, 2011 WL 5509226, at *1 (C.D. Ill. November 10, 2011). In this case, the Court sees no basis to strike Granite's affirmative defense of the statute of limitations for defamation.

The Illinois statute of limitations for defamation is one year from the date the cause of action accrued. 735 ILCS 5/13-201. The Plaintiffs allege that Granite defamed them in December 2013. Amended Complaint, ¶¶ 45-50. At the time that the Plaintiffs filed the State Court Motion to Amend, the State Court had no authority over this case. The Plaintiffs filed the Federal Motion to Amend on December 31, 2014.

The Federal Motion to Amend stated that the Plaintiffs wanted to join an additional defendant, but did not identify Granite as an additional defendant. The Federal Motion to Amend also did not disclose that the Plaintiffs intended to add a defamation claim. The Court allowed the Federal Motion to Amend on January 12, 2015, and the Plaintiffs filed the Amended Complaint on January 18, 2015. Under these circumstances, Granite has a factual basis to allege that the Plaintiffs brought the defamation claim against it on January 18, 2015, or at the earliest, December 31, 2014. See Schillinger v. Union Pacific R. Co., 425 F.3d 330, 334 (7th Cir. 2005) (Under Illinois law, filing the motion to amend tolls the statute); cf., Moore v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993) (The plaintiff must accompany the motion to amend with a proposed amended complaint to toll the statute). Granite, therefore, has a factual basis to allege that the Plaintiffs filed the claim against it more than one year after the claim accrued in December 2013.

The Plaintiffs argue that the statute of limitation was tolled by the removal. The Plaintiffs argue that the matter was stayed upon the filing of the Notice of Removal on December 2, 2014, and the matter was removed on January 2, 2015. The Plaintiffs argue that the matter was stayed during the interim, and this stay tolled the statute. See Plaintiffs' Motion to Strike, ¶¶ 1-11.

The Plaintiffs are incorrect. The serving of written notice of the removal on adverse parties and the filing of a copy with the clerk of the state court, "shall effect the

removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added). The City Defendants completed these procedural requirements no later than December 4, 2014, when the Plaintiffs received written notice of the removal.[3] Therefore, the removal was effective at that time, and the case was actively pending before this Court no later than December 4, 2014.[4] The Plaintiffs could have sought to amend the pleadings before this Court any time after receiving the notice of the removal on December 4, 2014. The removal did not stay these proceedings or toll the statute.

The Plaintiffs also argue that the federal supplemental jurisdiction provision, 28 U.S.C. § 1367, tolled the statute of limitations in this case. The Plaintiffs argue that § 1367 stays the statute of limitation while a supplemental claim is pending and for thirty days after such a claim is dismissed. The Plaintiffs argue that Illinois one-year statute was effectively tolled by this provision.

The Plaintiffs again are incorrect. Certainly, a statute of limitations does not run while a claim is pending before this Court under this Court's supplemental jurisdiction. The statute of limitations is also stayed for thirty days after this Court dismisses a claim for lack of subject matter jurisdiction if the Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(d). The statute of limitations, however, only stops

---

[3] Some cases hold that the removal is effective either upon the filing of the notice of removal in federal court or upon filing the notice in state court. See Zeglis v. Sutton, 980 F. Supp. 958, 961 (N.D. Ill. 1997) and cases cited therein. If so, the removal was effective on December 2, 2014. The Court does not decide whether the removal was effective on December 2, 2014, or December 4, 2014, because the outcome of the Motion would not change.
[4] The Plaintiffs had thirty days to seek remand, but the removal was effective upon giving written notice to the Plaintiffs and filing the notice of removal with the Clerk of the State Court. 28 U.S.C. §§ 1446(d) and 1447.

running on the date that this Court acquires subject matter jurisdiction over the supplemental claim.  Granite has a factual basis to allege that this Court acquired subject matter jurisdiction over the defamation claim against Granite on December 31, 2014, when the Plaintiffs filed the Federal Motion to Amend, or on January 18, 2015, when the Plaintiffs filed the Amended Complaint.  The Amended Complaint alleges that the defamation occurred more than a year earlier in December 2013.  Granite has a factual basis to allege that the one-year statute of limitations ran before this Court ever acquired jurisdiction over the defamation claim.  In such circumstances, the statute of limitations may be a good defense.

Granite has not moved for judgment on this defense, and the Court is not addressing whether the one-year statute of limitations is a good defense to the defamation claim against Granite at this time.  Based on the information before the Court, however, Granite has a valid factual basis to allege the one-year statute of limitations as an affirmative defense to the defamation claim.  The defense should not be stricken.

THEREFORE THIS COURT RECOMMENDS that Defendants' Motion to Strike (d/e 17) should be ALLOWED in part and DENIED in part as stated above; and Plaintiffs Motion to Strike Defendant Granite Broadcasting Corporation's Third Affirmative Defense (d/e 27) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule 72.2</u>.

ENTER: March 25, 2015

                                            *s/ Tom Schanzle-Haskins*
                            UNITED STATES MAGISTRATE JUDGE