UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANDREW WALLACE, JR., SHERRY WALLACE, and ANTONIO GILES, <br><br>   Plaintiffs, <br><br>   v. <br><br> CITY OF WASHINGTON, GARY M. MARINER, BOARD OF POLICE COMMISSIONERS, GRANITE BROADCASTING CORP., d/b/a WEEK-TV, DAN VOLK and JEFF STEVENSON <br><br>   Defendants. | Case No.   14-cv-1457 |

## ORDER & OPINION

This matter is before the Court on Defendant Granite Broadcasting Corporation's ("Granite's") Motion for Judgment on the Pleadings. (Doc. 39). In its motion, Granite asserts that Plaintiffs' only claim against it – one for defamation of character – is untimely. Granite filed this motion on July 24, 2015 and Plaintiffs' response was due on August 10, 2015. *See* C.D. Ill. Loc. R. 7.1(B)(2). To date, Plaintiffs have filed no response, so the Court presumes that Plaintiffs do not oppose the motion. *See id.* For the reasons that follow, Granite's motion is granted.

### BACKGROUND

On November 4, 2014, Plaintiffs Andrew Wallace, Jr. Sherry Wallace, and Antonio Giles filed a two-count complaint in the Circuit Court of Tazewell County, Illinois for false imprisonment and negligent infliction of emotional distress against the City of Washington, its mayor Gary Mariner, the Chief of Police of the

Washington Police Department Don Volk, Washington Police Department Commander Jeff Stevens, and other unknown officers of the Washington Police Department. (Doc. 1-1). A year before that, in November of 2013, a tornado struck Washington, Illinois and caused extensive damage. (*Id*. at 1). Plaintiffs allege that they obtained a permit to aid in the tornado cleanup effort, which allowed them to collect recyclable items found on the public right of way in Washington. (*Id*. at 2). They allege that even though they possessed a valid permit to do so, they were arrested by Washington police officers who found them sorting through items that had been left along curbs. (*Id*.). Following the arrest, they were detained for three days. (*Id*. at 3). Local media outlets published and broadcasted their pictures, and "labeled [them] as looters who were illegally removing items from the City; even though [] they were authorized recyclers." (*Id*.).

The originally named Defendants filed a notice of removal with this Court on December 2, 2014. (Doc. 1). On the same day, they mailed notice of filing the Notice of Removal to the Clerk of Court in Tazewell County and attorney for Plaintiffs. (Doc. 2). Plaintiffs' attorney received the notice and the state court docketed it on December 4, 2014.

On December 31, 2014, Plaintiffs' filed a motion for leave to file their first amended complaint. (Doc. 7). Plaintiffs stated that on December 15 they had filed in state court a motion for leave to file an amended complaint. (Doc. 7 at 2). That amended complaint "provided more specifics regarding each defendant [in the original complaint], stated more specific [sic] as to the relevant facts, added new

counts ot [sic] the complaint, and named a new defendant." (*Id.*). Plaintiffs did not attach a copy of the proposed amended complaint to the motion filed in this Court.

Magistrate Judge Tom Schanzle-Haskins entered a Text Order on January 12, 2015 granting Plaintiffs' motion for leave. (Dkt. at Text Order of Jan. 12, 2015). Judge Schanzle-Haskins noted that Plaintiffs could have amended their complaint without leave of court as a matter of course. (*Id.*). He then provided Plaintiffs until January 16, 2015 to file an amended complaint. (*Id.*).

On January 18, 2015, Plaintiffs filed their First Amended Complaint. (Doc. 15). There, for the first time, Plaintiffs named Granite as a defendant. (*Id.* at 1). Of the First Amended Complaint's six counts, the sole one brought against Granite is the second, for defamation of character. (*See id.* at 11-12). Plaintiffs allege that a cameraman employed by Granite "retrieved a camera and began to film Plaintiffs [sic] salvage operations." (*Id.* at ¶ 71). The cameraman contacted the police and reported that they were looting. (*Id.* at ¶ 72). Then, on the evening of Plaintiffs' arrest, Granite "broadcasted the Cameraman's footage of Plaintiffs salvaging items; with the wording that Plaintiffs had been arrested for looting in the tornado ravaged City of Washington." (*Id.* at ¶ 73). This broadcast "was picked up and re-broadcasted on national news outlets such as CNN, and ABC's World News tonight . . . ." (*Id.* at ¶ 76). "Local newspapers such as the Peoria Journal Star and the Pekin Times ran the related story, and local television stations such as WMBD and WHOI rebroadcasted the Cameraman's footage. (*Id.* at ¶ 78).

Granite argues that this claim for defamation, first brought against it on January 18, 2015, is untimely. It raised the statute of limitations as an affirmative

defense in its Answer (*See* Doc. 24 at 22), which Plaintiffs moved to strike on March 1, 2015. (*See* Doc. 27). Magistrate Judge Schanzle-Haskins issued a Report and Recommendation denying Plaintiffs' Motion to Strike on March 25, 2015. (Doc. 31). No parties objected to the Report and Recommendation, and the Court adopted it in full on April 14, 2014. (Doc. 32).

## STANDARD OF REVIEW

A defendant "may move for judgment on the pleadings" after "the pleadings are closed – but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions are governed by the same standard as motions to dismiss for failure to state a claim under Rule 12(b)(6). *Lodholtz v. York Risk Srvs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (noting that the practical effect of addressing a statute of limitations defense in a Rule 12(c) motion is the same as addressing it in a Rule 12(b)(6) motion). Thus, "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009).

"[W]hen all relevant facts are presented, the court may properly dismiss a case before discovery . . . on the basis of an affirmative defense." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). It is appropriate to consider a statute of limitations defense at the Rule 12(c) stage when "the relevant dates are set forth unambiguously in the complaint." *Brooks*, 578 F.3d at 579.

## DISCUSSION

Plaintiffs have not responded to this motion, but the Court may not grant it on that basis alone. Instead, the Court must consider the motion's merits. *See*

*Diamond Blade Warehouse, Inc. v. Paramount Diamond Tools, Inc.*, 420 F. Supp. 2d 866, 870 (N.D. Ill. 2006). A review of the First Amended Complaint reveals that Plaintiffs' claim against Granite is untimely.

## I. Plaintiffs' Defamation Action Accrued on December 10, 2013

Actions for defamation provide plaintiffs with redress for false statements that harm their reputation. *Knafel v. Chicago Sun-Times, Inc.*, 413 F.3d 637, 639 (7th Cir. 2005). Under Illinois law, a defamation claim has three elements. Plaintiffs must show (1) that Granite made a false statement about them, (2) that Granite caused an unprivileged publication of the statement to a third party; and (3) that the publication of the statement harmed them. *See id.*

Illinois has adopted the Uniform Single Publication Act. *See* 740 Ill. Comp. Stat. 165/1. It "provides that a claim for relief for defamation is complete at the time of first publication; later circulation of the original publication does not trigger fresh claims." *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 615 (7th Cir. 2013) *cert. denied sub nom. Pippen v. NBC Universal Media, LLC*, 134 S. Ct. 2829 (2014).

The Court first must look to Plaintiffs' First Amended Complaint to see if it is apparent when their defamation claim accrued. *See Brooks*, 578 F.3d at 579. The First Amended Complaint is littered with typographical errors that might seem to make the timing of the relevant events ambiguous and difficult to follow. The tornado occurred on November 17, 2013. (Doc. 15 at ¶ 13). Plaintiffs allege that on December 13, 2014 (thirteen months later, and also after their first complaint was

5

filed), they applied for a permit allowing them to recycle. (*Id.* at ¶ 24).[1] They further allege that the permit was valid until April 30, 2014. (*Id.* at ¶ 26). This, of course, means that the issued permit would have been invalid on the day that it was issued. (April 30, 2014 is over seven months before December 13, 2014). Next, they allege that they were arrested on December 10, 2014, "shortly after [they] received their Permit." (*Id.* at ¶¶ 30-37).[2] This also makes no sense, as they allege that their arrest (3 days before they allegedly had the permit) occurred after they had obtained the permit. (*Compare id.* at ¶ 24 *with id.* at ¶¶ 30-37). Finally, they allege that the Pekin Times reported on their arrest on December 12, 2013. (*Id.* at ¶ 45). This is over a year before the alleged date that Plaintiffs received their permit, and almost a year before the alleged date that Plaintiffs were arrested. (*Compare id. with id.* at ¶ 24 and ¶¶ 30-37).

Fortunately, Plaintiffs attached a copy of their application for the recycling permit to their First Amended Complaint. (*See* Doc. 15-1 at 2). Plaintiff Sherry Wallace signed the application on December 10, 2013, and the application was authorized on the same day. (*See id.*). "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *see also Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)(explaining that an exhibit contradicting the allegations in the complaint controls over the allegations at the motion to dismiss stage, and that in

---

[1] In its Answer, Granite assumes that the December 13, 2014 date in paragraph twenty-four of the First Amended Complaint is an error. (*See* Doc. 24 at 7).
[2] Granite also assumes that the December 10, 2014 date in paragraph thirty of the First Amended Complaint is an error. (*See* Doc. 24 at 7).

6

such a case, "ruling against the non-moving party . . . is consistent with our obligation to review all facts in the light most favorable to the non-moving party.").

With the aid of the exhibit, it is clear that Plaintiffs' allegation that they applied for and received a permit to recycle on December 13, 2014 is incorrect. Instead, as the exhibit makes clear, these steps occurred on December 10, 2013. (*See* Doc. 15-1 at 2). In light of this, Plaintiffs' allegation that they were arrested on December 10, 2014 also cannot be correct. (*See* Doc. 18 at ¶¶ 30-37). Plaintiffs allege that they were arrested "shortly after [they] received their Permit." (*Id.* at ¶ 30). They also allege that the Pekin Times ran its story about their arrest on December 12, 2013. (*Id.* at ¶ 45). Reading the facts in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs were arrested on December 10, 2013 rather than December 10, 2014.

Having cleared up these inconsistencies in Plaintiffs' allegations with the aid of the attached exhibits and greater context, the Court concludes that the relevant dates giving rise to Plaintiffs' defamation claim against Granite "are set forth unambiguously in the complaint." *See Brooks*, 578 F.3d at 579. The First Amended Complaint alleges two defamatory statements made by Granite or its employees: the cameraman's report to the police (Doc. 15 at ¶ 72), and the broadcast of the cameraman's footage "[o]n the eve" of Plaintiffs' arrest. (*Id.* at ¶ 73).

It is clear from the Complaint that each communication was made on the date of Plaintiffs' arrest: December 10, 2013.[3] Any subsequent republication of the

---

[3] The Court notes that the word "eve" can sometimes refer to the day *before* an event (for example, Christmas Eve). It is clear, here, however, that Plaintiffs are

7

footage did not restart the tolling of the statute of limitations. *See Pippen*, 734 F.3d at 615.

## II. Plaintiffs Did Not File their Defamation Claim against Granite Until January 18, 2015, which was too late

In Illinois, actions for defamation must "be commenced within one year next after the cause of action accrued." 735 Ill. Comp. Stat. 5/13-201. Plaintiffs did not file a first Amended Complaint naming Granite and stating facts relevant to their defamation claim until January 18, 2015. (Doc. 15). Because this is more than one-year after their defamation action against Granite accrued, their claim against Granite is time-barred. *See* 735 Ill. Comp. Stat. 5/13-201.

In previous filings, Plaintiffs suggested that the statute of limitations was tolled pursuant to 28 U.S.C. § 1367(d). (*See* Doc. 27). Magistrate Judge Schanzle-Haskins rejected this argument in his Report and Recommendation (Doc. 31 at 10-13), which the Court accepted in full. (Doc. 32). The Court will not rehash the entirety of this previous analysis. Suffice it to say, the Court obtained jurisdiction over this case on December 4, 2014 at the latest, after the original Defendants had filed a notice of removal and provided notice to the state court and Plaintiffs. S*ee* 28 U.S.C. § 1446(d); *see also* 14C Charles Alan Wright et al., Fed. Prac. & Proc. § 3736 (4th ed.). At that time, Plaintiffs were free to seek to amend their complaint. They did not have to wait until the time to object to removal had expired on January 2, 2015.

---

referring to the evening of their arrest. Obviously, Granite could not have aired footage of Plaintiffs' arrest before it ever happened.

Any attempts made by Plaintiffs to amend the complaint in state court after removal on December 4, 2014 were void. In earlier filings, Plaintiffs argued that they had attempted to name Granite in state court after Defendants removed the case to federal court. (*See* Doc. 39 at 4-5). A filing made in state court following removal "is a nullity" because state courts lack jurisdiction at that time. *McLaughlin v. Winchester Cmty. Unit Dist. 1*, No. 08-3123, 2008 WL 2959880, at *1 (C.D. Ill. July 30, 2008) (citing *Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 836 F.2d 366, 367 (7th Cir. 1988)). Plaintiffs should have made their attempts in this Court, not in state court.

Plaintiffs' motion for leave to file an amended complaint filed in this Court also cannot save the claim against Granite. In assessing a claim's statute of limitations, "Illinois courts look to the date plaintiffs filed their motion to amend the complaint rather than the date the trial court grants the motion and files . . . the pleading." *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 334 (7th Cir. 2004). Plaintiffs did not file their motion for leave to file an amended complaint until December 31, 2014. (Doc. 7). This too was more than one year after the statute of limitations expired. Moreover, Plaintiffs did not file a copy of the proposed First Amended Complaint along with their motion for leave to file an amended complaint. (*See id.*). The underpinning rationale behind the Illinois rule is that courts might drag their heels in granting motions for leave to file amended complaints. *See Schillinger*, 425 F.3d at 334. This concern is cured by allowing the statute to toll while a motion to amend accompanied by a proposed amended complaint is pending because such a filing "provides notice of the substance of those amendments." *Id.*

(quoting *Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)). Plaintiffs' motion for leave to file an amended complaint cannot toll the statute because there was no accompanying proposed amended complaint to provide that notice, nor was there any other indication that Plaintiffs intended to file a defamation claim against Granite *See id.*

Finally, the Court *sua sponte* considers the issue of relation back. Under Federal Rule of Civil Procedure 15, an amended complaint "relates back to the date of the original pleading," in certain circumstances that are not present here. *See* Fed. R. Civ. P. 15(c)(1).[4]

In this case, where Plaintiffs added a new defendant in the First Amended Complaint, the amendment must "assert[] a claim . . .that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," and the new party either must have known "or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs cannot show that Granite "knew or should have known" that it would have been named in the original Complaint, as there were no defamation claims in the original complaint that could have put Granite on notice that an action would be brought against it. Nor can they show that the reason

---

[4] One of the circumstances is when "the law that provides the applicable statute of limitations allows relation back." *See* Fed. R. Civ. P. 15(c)(1)(A). This allows a plaintiff's claims to proceed when "the controlling body of limitations law . . . affords a more forgiving principle of relation back than the one provided in [Rule 15]." Fed. R. Civ. P. 15 advisory committee's note to the 1991 amendment. This provision cannot help Plaintiffs. Their defamation claim is brought pursuant to Illinois law, and "[t]here is no meaningful distinction . . . between Illinois law on relation back and [federal law]." *Hahn v. Walsh*, 762 F.3d 617, 635 (7th Cir. 2014), *reh'rg and suggestion for reh'r en banc denied* (Sept. 9, 2014), *cert. denied*, 135 S Ct. 1419 (2015).

10

Granite was not originally named is because of a mistake of identity, as there is no party in the original complaint that Plaintiffs could have mistaken for Granite. *See id.* For these reasons, had Plaintiffs responded to the pending motion, they would have been unable to rely upon the relation back doctrine.

### Conclusion

Plaintiffs were arrested by police officers in Washington, Illinois on December 10, 2013. In their complaint, they allege that Defendant Granite or Granite's employees communicated two defamatory statements on December 10, 2013. Any claim for defamation would have accrued on the day of those statements were made and published. Plaintiffs had one year to bring a timely defamation claim against Granite, but waited until January 18, 2015 to do so. As this is more than one year after the alleged defamation occurred, Plaintiffs' defamation claim is untimely.

For the foregoing reasons, Defendant Granite Broadcasting Corporation's Motion for Judgment on the Pleadings (Doc. 39) is GRANTED. Plaintiffs' First Amended Complaint against Granite is DISMISSED WITH PREJUDICE.

Entered this 31st day of August, 2015.

                                                      s/Joe B. McDade
                                                     JOE BILLY McDADE
                                    United States Senior District Judge