## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANDREW WALLACE, JR., SHERRY WALLACE, and ANTONIO GILES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF WASHINGTON, GARY M. ) <br> MARINER, BOARD OF POLICE ) <br> COMMISSIONERS, GRANITE ) <br> BROADCASTING CORP., d/b/a WEEK- ) <br> TV, DAN VOLK and JEFF STEVENSON ) <br> ) <br> Defendants. ) | Case No.   14-cv-1457 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant Granite Broadcasting Corporation's ("Granite's") Motion for Entry of Judgment under Rule 54(b). (Doc. 43). Granite asks the Court to first certify that there is no just reason for delaying in entering a separate final judgment in its favor, and then proceed to enter the judgment. (*Id.*). Granite filed this motion on November 25, 2015 and Plaintiffs' response was due on December 14, 2015. *See* C.D. Ill. Loc. R. 7.1(B)(2). To date, Plaintiffs have filed no response, so the Court presumes that they do not oppose the motion. *See id.* Although the motion is unopposed, the Court will deny it.

### BACKGROUND

On November 4, 2014, Plaintiffs Andrew Wallace, Jr. Sherry Wallace, and Antonio Giles filed a two-count complaint in the Circuit Court of Tazewell County, Illinois for false imprisonment and negligent infliction of emotional distress against

the City of Washington, its mayor Gary Mariner, the Chief of Police of the Washington Police Department Don Volk, Washington Police Department Commander Jeff Stevens,[1] and other unknown officers of the Washington Police Department. (Doc. 1-1). A year before that, in November of 2013, a tornado struck Washington, Illinois and caused extensive damage. (*Id.* at 1). Plaintiffs alleged that they obtained a permit to aid in the tornado cleanup effort, which allowed them to collect recyclable items found on the public right of way in Washington. (*Id.* at 2). They alleged that even though they possessed a valid permit to do so, they were arrested by Washington police officers who found them sorting through items that had been left along curbs. (*Id.*). Following the arrest, they were detained for three days. (*Id.* at 3). Local media outlets published and broadcasted their pictures, and "labeled [them] as looters who were illegally removing items from the City; even though [] they were authorized recyclers." (*Id.*).

The originally named Defendants filed a notice of removal with this Court on December 2, 2014. (Doc. 1). On January 18, 2015, Plaintiffs filed their First Amended Complaint. (Doc. 15). The First Amended Complaint names Granite as a defendant, and also alleges additional claims. A claim for defamation of character, which was among the new ones Plaintiffs included in the First Amended Complaint, is the only one brought against Granite. (*Id.* at 11-12)

---

[1] Although Plaintiffs refer to a Defendant Stevens in their initial Complaint, they refer to him as Jeff Stevenson in their Amended Complaint. (*Compare* Doc. 1-1 *with* Doc. 15). In Defendant City of Washington, Gary M. Manier, Don Volk, and Jeff Stevens' Answer to the First Amended Complaint, they note that Jeff Stevens was "improperly named Jeff Stevenson" in the Amended Complaint. (Doc. 18 at 1). Throughout the Answer, these Defendants refer to Stevenson as Stevens. For consistency, the Court will refer to him as Defendant Stevens.

After filing an Answer to the First Amended Complaint, Granite filed a Motion for Judgment on the Pleadings in which it argued that Plaintiff's claim for defamation of character against it was barred by the statute of limitations. (Doc. 39). The Court granted Granite's motion on August 31, 2015. (Doc. 40). A number of Plaintiffs' claims against four defendants remain pending before the Court. This includes Plaintiffs' claim for defamation of character against the remaining Defendants.[2]

## DISCUSSION

Granite asks the Court to enter a separate final judgment in its favor, as the Court recently resolved Plaintiffs' only claim against it. "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

As made clear by the text of the rule, a court should only enter partial judgment pursuant to Rule 54(b) when two circumstances are present. *Hampton v. Beltz*, No. 1:09-CV-361-WTL-JMS, 2009 WL 1971400, at *1 (S.D. Ind. July 6, 2009). First, the judgment must either resolve all disputes with a particular party or resolve a separate claim that is distinct from those that remain pending. *See Lottie v. W. AM. Ins. Co.*, 408 F.3d 935, 938 (7th Cir. 2005). Second, the court must determine that there is no just reason for delay. *Hampton*, 2009 WL 1971400, at *1.

---

[2] These Defendants filed an Answer to the First Amended Complaint, which included an answer to Plaintiffs' claim for defamation of character. (Doc. 18 at 15-18). They have not sought judgment on that claim.

There is just reason for delay when an adjudicated claim is factually or legally similar to a pending claim, as early certification could unnecessarily expend judicial resources by producing a duplicative appellate effort. *See Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065 (7th Cir. 1987); *Hampton*, 2009 WL 1971400, at *1.

Here, the first prerequisite is satisfied, as the Court has adjudicated all of Plaintiffs' claims against Granite. *See Lottie*, 408 F.3d at 938. However, Plaintiffs' still-pending defamation of character claim against the remaining Defendants is factually and legally similar to the one adjudicated in Granite's favor. (*See* Doc. 15 at 11-12). For this reason, the Court concludes that Rule 54(b) certification is not appropriate. *See Shieffelin*, 823 F.2d at 1065; *Hampton*, 2009 WL 1971400, at *1.

## CONCLUSION

As there are just reasons for delaying entry of final judgment in Granite's favor, the Court DENIES Granite's Motion for Entry of Judgment under Rule 54(b). (Doc. 43). IT IS SO ORDERED.

Entered this 18th day of December, 2015.

                                           s/Joe B. McDade
                                           JOE BILLY McDADE
                                           United States Senior District Judge